UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH W. BRADFORD, | ) | CASE NO. 5:07cv1915 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| DEBORAH TIMMERMAN-COOPER, Warden, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) ) ) | |

     This matter comes before the Court on the Objections to the Magistrate Judge's Report and Recommendation (Doc. 15) filed by Petitioner, Keith Bradford, who is represented by counsel. This action was referred to the Magistrate Judge for a Report and Recommendation on the Petition for Habeas Corpus. In the Report and Recommendation, filed May 27, 2008, the Magistrate Judge found Petitioner's grounds for relief not well taken and recommended that this Court dismiss the action with prejudice. Petitioner timely filed objections to the Report. The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the report and recommendation to which an objection has been made. 28 U.S.C. §636(b)(1). The Court has been advised, having reviewed the Petition, Respondent's Return of Writ, Petitioner's Traverse and Brief, the transcripts, the Report and Recommendation, Petitioner's Objections thereto, exhibits and applicable law.

     The claim raised in the petition was that Petitioner's trial counsel was ineffective in failing to object to prejudicial hearsay testimony. The Magistrate Judge set forth the underlying facts in detail in his Report and Recommendation. Based upon those facts, the Magistrate Judge concluded that Petitioner's claims lacked merit, as he could not demonstrate that his counsel's performance satisfied the requirements set forth under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner objects to the Magistrate Judge's conclusions as follows:

> Mr. Bradford objects to the Magistrate's findings, rationale and recommendations. Petitioner was deprived of his right to the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to make any meaningful objections and allowed the admission of prejudicial evidence that should have been excluded.

(Doc. 15).

Having conducted a *de novo* review of the record in this matter in light of Petitioner's objection, the Court finds that the objection is without merit. The Magistrate Judge adequately addressed and analyzed Petitioner's arguments, which are largely reiterated in this Objection. (See Doc. 14). Those challenges Petitioner has made to the Magistrate Judge's analysis are not persuasive, as they fail to take into account, among other things, the other evidence elicited at trial regarding the victim's injuries. Petitioner cannot overcome the presumption under *Strickland* that trial counsel's performance was adequate simply by questioning his strategy. *Strickland*, 466 U.S. at 689-90. Furthermore, Petitioner cannot show that he was prejudiced by the testimony that was permitted at trial, given the other testimony that was presented regarding the nature and extent of the victim's injuries. *Id.* at 694. Therefore, he cannot satisfy either prong of the *Strickland* analysis, and his objections must fail.

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation in whole. The petition is denied and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

    IT IS SO ORDERED.

DATED:  August 25, 2008                                          */s/ John R. Adams*_____
                                                                                    Judge John R. Adams
                                                                                   UNITED STATES DISTRICT COURT